**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinical Laboratory Specialty International Incorporated, et al., | No. CV-20-00310-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Department of Health and Human Services, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Rustom Ali's motion for trial, which the Court construes as a motion for reconsideration. (Doc. 38.) Defendants have not responded to the motion, and the time to do so has passed. For the following reasons, Mr. Ali's motion is denied.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they

were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

On June 24, 2020, the Court dismissed Mr. Ali's case, noting that he had failed to establish jurisdiction and underscoring that, regardless of the particular jurisdictional facts of Mr. Ali's case, the district court is not the proper court to handle Clinical Laboratory Improvement Amendments of 1988 ("CLIA") appeals. (Doc. 37.) Mr. Ali first objects to the Court's decision by arguing that its rationale contradicts the findings made by the administrative law judge ("ALJ"). Below, the ALJ found jurisdiction absent because the correspondence from which Mr. Ali appealed did not constitute an initial determination subject to review. *Mohave Clinical Lab/Rustom Ali, Ph.D.,* 2015 WL 6664807 (H.H.S. Oct. 14, 2015). This Court also dismissed Mr. Ali's complaint for lack of jurisdiction. (Doc. 37.) Although Mr. Ali quibbles with what he characterizes as contradictory wording in the two opinions, Mr. Ali has not shown that the Court committed manifest error as a result of the perceived differences. Second, Mr. Ali asserts that the Court erred by declining to hold a hearing before dismissing his case. The Court is not required to hold a hearing where the issues are adequately briefed and oral argument will not help the Court resolve the motion. *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991). Further, the Court does not have jurisdiction over CLIA appeals, and no hearing could save Mr. Ali's complaint. Accordingly,

**IT IS ORDERED** that Mr. Ali's motion for reconsideration (Doc. 38) is **DENIED**. Dated this 24th day of July, 2020.

_____
Douglas L. Rayes
United States District Judge